[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13486
Non-Argument Calendar

_____

Agency No. A208-136-995

HENRY ELIZALDO GARCIA-MORATAYA,
N. A. G.-T.,
Y. E. G.-T.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 27, 2021)

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Henry Garcia-Morataya and his son and daughter (collectively, Petitioners),

represented by counsel, seek review of the final order of the Board of Immigration

Appeals ("BIA") affirming the immigration judge's ("IJ") denial of their request for withholding of removal and protection under the United Nations Convention Against Torture ("CAT"). They contend that the BIA failed to consider their evidence of extortion, retaliation, intimidation, and rape when evaluating whether they suffered persecution in the past, and that a finding of past persecution does not require proof of a nexus or connection to a statutorily protected ground. After careful review, we deny the petition for review.

## I.

Garcia-Morataya entered the United States with his minor son and daughter, who are all natives and citizens of Guatemala, in 2015. Not long after, they were apprehended and charged with removal under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the country without authorization. They admitted removability and applied for withholding of removal under 8 U.S.C. § 1231(b)(3)(A) and protection under CAT, alleging that the children feared returning to Guatemala due to threats made against them.

Represented by counsel, Garcia-Morataya and his daughter testified at the merits hearing in support of their request for relief from removal. According to their testimony, in 2014, the minor children were living with their grandmother in Guatemala when their cousin and aunt were kidnapped, and the cousin was raped. The kidnappers demanded 35,000 quetzales from the grandmother and threatened to

kill the whole family if she did not pay. The grandmother refused and instead called the police. After recovering the aunt and cousin, the police arrested and prosecuted a neighbor, someone named El Burro, who was ultimately sentenced to ten years in jail. Following his arrest, El Burro's associates continued to make death threats against the family through flyers and spray paint. When made aware of the threats, the police responded by increasing their patrol of the area. The minor children's mother heard of these events and, fearing for their safety, asked Garcia-Morataya, who lived several hours away in Guatemala, to bring them to her in the United States. She arranged for their travel and paid a smuggler to bring them across the border.

The IJ denied withholding of removal and CAT protection. The IJ found that Garcia-Morataya and his children were not eligible for withholding of removal because (a) the threats, even accepted as true, did not rise to the level of past persecution; (b) there was no evidence to support a reasonable fear of harm if Garcia-Morataya or the children returned to Guatemala; and (c) the harm they feared or suffered was not on account of a protected ground. As for CAT protection, the IJ found nothing in the record to suggest that Garcia-Morataya or his children would be harmed by or with the acquiescence of any public official in Guatemala in light of the "swift and effective response by the authorities in Guatemala."

Garcia-Morataya and his children appealed to the BIA, which affirmed the IJ's decision and dismissed the appeal. The BIA agreed with the IJ "that the

3

respondents have not demonstrated that the harm they experienced in Guatemala, specifically the threats to the [minor] respondents, rose to the level of persecution," noting that Garcia-Morataya and his children were not physically harmed. Next, the BIA affirmed the IJ's determination "that the respondents did not establish that the harm they fear or suffered is or was on account of a protected ground," such as race, religion, nationality, membership in a social group, or political opinion. The BIA explained that private criminal activity such as extortion and intimidation does not qualify as persecution based on a protected ground. Finally, the BIA agreed with the IJ's denial of CAT relief, finding "no clear error in the judge's finding that Guatemalan authorities acted to protect respondents from harm" and stating that Garcia-Morataya and his children had failed to show they would be tortured by or with the acquiescence of a public official, as required by CAT. This petition for review followed.

## II.

We review only the decision of the BIA, except to the extent that the BIA expressly adopts or explicitly agrees with the IJ's opinion. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010). Where, as here, the BIA agrees with the IJ's reasoning, we will also review the IJ's decision to the extent of that agreement. *Id.*

A noncitizen seeking withholding of removal must establish that "his life or freedom would be threatened" upon removal "because of [his] race, religion,

4

nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). In other words, "[t]o be eligible for . . . withholding of removal, a noncitizen must prove he suffered persecution on account of a protected basis." *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1158 (11th Cir. 2019) (quotation marks omitted).

A noncitizen "may satisfy his burden of proof for withholding of removal in two ways." *Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308 (11th Cir. 2013). First, a noncitizen "may establish past persecution based on a protected ground," which "creates a rebuttable presumption that [his] life or freedom would be threatened upon return to his country." *Id.*; *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003); *see* 8 C.F.R. § 208.16(b)(1). And second, a noncitizen "is entitled to withholding of removal if he establishes that it is more likely than not that he would face a future threat to his life or freedom upon removal due to a protected ground." *Rodriguez*, 735 F.3d at 1308; *see* 8 C.F.R. § 208.16(b)(2).

"Both past persecution and future persecution must be on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1232 (11th Cir. 2007) (quotation marks omitted) (concerning eligibility for asylum, which likewise requires that persecution be on account of a protected ground). There must be, in other words, some "nexus" or connection between the persecution, whether suffered in the past

5

or feared in the future, and a protected ground. *See Perez-Sanchez*, 935 F.3d at 1158 ("[I]n order to satisfy the nexus requirement, an applicant must establish his [protected ground] was or is at least one central reason for his persecution." (quotation marks omitted)).

On appeal, Petitioners maintain that they established past persecution, and that the BIA erroneously viewed the threats in isolation and failed to consider the threats in conjunction with evidence of extortion, rape, retaliation, and intimidation.

Even if we assume that the harms the children suffered rose to the level of persecution, however, Petitioners are not entitled to relief because they do not identify any connection between the persecution and a statutorily protected ground. *See Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004) ("It is not enough to show that she was or will be persecuted or tortured due to her refusal to cooperate with the guerillas."). In fact, they "concede that there is no protected ground."

Petitioners' contention that "a finding of past persecution does not require [a] nexus with a protected ground" is incorrect as a matter of law.[1] As we have explained, past persecution must be "based on a protected ground," *Rodriguez*, 735 F.3d at 1308; *Sanchez Jimenez*, 492 F.3d at 1232, just as eligibility for withholding

---

[1] The (identical) regulations Petitioners cite for this claim contradict it. *See* 8 C.F.R. §§ 208.16(b)(1)(i), 1208.16(b)(1)(i) ("If the applicant is determined to have suffered past persecution in the proposed country of removal *on account of race, religion, nationality, membership in a particular social group, or political opinion*, it shall be presumed that the applicant's life or freedom would be threatened in the future in the country of removal on the basis of the original claim." (emphasis added)).

of removal ultimately requires proof of "persecution on account of a protected basis," *Perez-Sanchez*, 935 F.3d at 1158. Before the IJ or BIA, Petitioners did not identify or present evidence that the criminal acts the children experienced were motivated by a protected ground. *See Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006) ("Evidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground."). And they have abandoned the issue on appeal by conceding "there is no protected ground." *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (issues not briefed are abandoned).

Accordingly, we affirm the BIA's determination that Petitioners were not eligible for withholding of removal under § 1231(b)(3)(A) because they failed to establish any connection between the alleged persecution and a statutorily protected ground. As for the denial of CAT relief, Petitioners do not dispute the BIA's finding that they failed to offer any evidence to suggest that they would be tortured "by or at the instigation of or with the consent or acquiescence of a public official," as required under CAT. *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004) (quoting 8 C.F.R. § 208.18(a)(1)); *see also* 8 C.F.R. § 208.16(c)(2). Because they have abandoned any challenge to that finding as well, *see Sepulveda*, 401 F.3d at 1228 n.2, we must affirm the denial of CAT protection.

7

For these reasons, the petition for review is **DENIED**.